UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 08-72-GWU


RENITA K. MULLIS,                                          PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


## INTRODUCTION

Renita Mullis brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

08-72  Renita K. Mullis

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.   If no, proceed to Step 7.   <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

08-72  Renita K. Mullis

First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

08-72  Renita K. Mullis

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

08-72  Renita K. Mullis

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Mullis, a 46-year-old former cashier, kitchen helper and bakery worker with a high school education, suffered from impairments related to degenerative disc disease of the lumbosacral spine.  (Tr. 12, 16-17).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 14).  Since the claimant's past work could still be performed, she could not be considered totally disabled.  (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Mullis could return to her past relevant work, the ALJ relied heavily upon the testimony of Vocational Expert Linda Sparrow.  The hypothetical question presented to Sparrow included an exertional limitation to

7

medium level work restricted from a full range by such non-exertional limitations as an inability to more than occasionally stoop, crouch, bend or climb ladders and ropes.  (Tr. 50-51).  In response, the witness testified that Mullis' past work could still be performed.  (Tr. 51).  The expert also identified a significant number of other jobs which could still be done.  (Id.).  Therefore, assuming that the vocational factors considered by the expert fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Mullis' condition as required by Varley.  Dr. Mark Burns examined the plaintiff and noted normal orthopedic and physical examinations.  (Tr. 203).  The doctor specifically noted that the claimant would not be restricted in such areas as sitting, standing, moving about, lifting, carrying, handling objects, hearing, seeing, speaking and traveling.  (Id.).  The hypothetical question was compatible with this opinion.  Dr. Robert Brown, a non-examining medical reviewer, indicated that Mullis would be limited to medium level work, restricted from a full range by an inability to more than occasionally stoop, crouch or climb ladders, ropes and scaffolds.  (Tr. 231-239).  Dr. Philip Tibbs, another examiner, somewhat vaguely indicated that the plaintiff would be impaired in lifting, bending and standing.  (Tr. 214).  The ALJ's hypothetical question was arguably consistent with this opinion as well.  These reports provide substantial evidence to support the administrative decision.

Dr. Roy Varghese, a treating physician, identified extremely severe physical restrictions restricting Mullis to less than a full range of sedentary level work.  (Tr. 289-292).  The ALJ noted a number of reasons why this opinion was rejected as binding.  The ALJ noted that the physician only cited back pain in support of his limitations and did not identify objective medical data either on the assessment form or in his treatment notes which would justify such serious physical limitations.  (Tr. 15).  The ALJ noted that the treatment record revealed that most of the treatment administered to the claimant was provided by nurse-practitioners rather than Dr. Varghese.  (Id.).  The opinion was contradicted by other medical sources such as Dr. Burns.  (Id.).  Therefore, under these circumstances, the ALJ properly rejected the opinion of Dr. Varghese.

The record reveals that on two occasions, in January of 2006 and July of 2006, nurse-practitioners identified very restrictive physical limitations which would limit Mullis to less than a full range of sedentary level work.  (Tr. 268-270, 275-276). The ALJ rejected these opinions as well.  (Tr. 15).  The ALJ noted that these reports had not been completed by a medical doctor but by an individual who was not an "acceptable medical source."  (Id.).  The federal regulations at 20 C.F.R. § 404.1513 indicate that nurse-practitioners are "other sources" who can provide evidence but their opinions are not entitled to the binding weight of an "acceptable medical source."  The Sixth Circuit Court of Appeals in Walters v. Commissioner of Social

08-72  Renita K. Mullis

Security, 127 F.3d 525, 530 (6th Cir. 1997), has held that the opinion of an "other source" is not binding on the administration.  Social Security Ruling 06-03p states that only the opinion of an "acceptable medical source" is entitled to superior weight. As noted by the ALJ (Id.), the nurse-practitioner even conceded that the limitations were based on the claimant's complaints rather than objective medical data (Tr. 275).  Therefore, the ALJ properly disregarded these opinions.

The ALJ properly determined that Mullis did not suffer from a "severe" mental impairment.  The plaintiff sought treatment at the Kentucky River Comprehensive Care Center.  A major depression was diagnosed but specific limitations were not reported.  (Tr. 240-255).  Psychologist Jan Jacobson reviewed the record and opined that it did reveal the existence of a "severe" mental impairment.  (Tr. 216). The claimant has not raised this as an issue.

Mullis asserts that the ALJ erred in not citing specific reasons for finding that her credibility was only fair.  However, the ALJ cited a number of reasons for this finding.  The ALJ noted that while objective medical evidence revealed the existence of some degenerative disc disease of the lumbosacral spine, the condition was stable.  (Tr. 18).  Despite her complaints of intense back pain, the ALJ observed that the plaintiff had never been prescribed pain medications for prolonged periods.  (Id.).  The claimant does not appear to have extensively utilized even over-the-counter pain medications.  (Id.).  Treatment records did not reveal

08-72  Renita K. Mullis

extensive pain complaints.   (Id.).   Physical examinations have not revealed extensive abnormalities.  (Id.).  Therefore, the court finds no error.

The undersigned concludes that the administrative decision should be affirmed.   Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 7th day of January, 2009.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**